✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA

V.

TRACY RIDDLE TRIPLETT
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:09 cr 25-11

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 .
  - ☐ under 18 U.S.C. § 924(c).
- (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____           _____
*Date*                              *Signature of Judge*
                                  Dennis L. Howell, United States Magistrate Judge
                                  *Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09 cr 25-11

UNITED STATES OF AMERICA,

Vs.                                                ADDENDUM TO
                                                   DETENTION ORDER

TRACY RIDDLE TRIPLETT.

_____

I.  FACTORS CONSIDERED

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

   **(2)** the weight of the evidence against the person;

   **(3)** the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

   **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being methamphetamine.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant. The defendant testified in this matter and admitted she had been using and selling methamphetamine.

**(g)(3):** The history and characteristics of the person

    (A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, she has employment, financial resources and a long length of residence in the Caldwell and Burke County community. She has community ties. The defendant's history relating to drug or alcohol abuse shows, by her own testimony, the defendant has been using and abusing methamphetamine for approximately a year and a half to two years. The defendant has also used marijuana and cocaine. Additionally, the defendant used methamphetamine the week previous to her detention hearing.

The defendant has no criminal convictions regarding drugs or alcohol and she has no significant criminal history, other than the fact she is now subject to a deferral agreement entered into between herself and the District Attorney in Caldwell County regarding a criminal charge.

The defendant's record concerning appearance at court appearances shows that the defendant failed to appear in regard to a charge of expired registration and expired inspection, but the defendant, within months, paid that ticket.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was subject to a deferral agreement as is referenced above.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. In the testimony of the defendant's witnesses, her mother and her sister testified they had heard rumors the defendant had been consuming controlled substances. The defendant described in her testimony "she tasted" methamphetamine within the last week. It appeared

to the court that the defendant failed to appreciate any difference between "tasting", "using" or "possessing" methamphetamine. Despite the fact the probation office has recommended the release of the defendant, the undersigned finds to release the defendant would create a risk of harm or danger to any person or the community, that being the defendant herself. This court is convinced that if the defendant was released she would use methamphetamine during the period of supervised release. As a result, the undersigned has determined to enter an order detaining the defendant but will reset this matter for further hearing on June 2, 2009. At that time, if the defendant can reside with her mother, Joliene English Green in Mrs. Green's home and be subject to Mrs. Greene acting as custodian, and being subject to electronic monitoring at Mrs. Green's residence, then the undersigned will consider the release of the defendant. If Mrs. Green is not available to act as a custodian, if the defendant wishes to be considered for release on terms and conditions of pretrial release, the defendant should present a suitable custodian who is a fit and suitable place in which for the defendant to reside and to be subject to electronic monitoring and also supervision by an appropriate custodian.

**WHEREFORE**, it is **ORDERED** that the defendant be detained but this matter be reset for further hearings in regard to the issue of pretrial release on **June 2, 2009**.

Signed: May 18, 2009

Dennis L. Howell
United States Magistrate Judge